UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
Case No.:

SAMUEL AYCOTH,

    Plaintiff,

v.

UNUM LIFE INSURANCE
COMPANY OF AMERICA,

    Defendant.
_____/

**COMPLAINT FOR DISABILITY BENEFITS**

Plaintiff, Samuel Aycoth, files his Complaint against Defendant, Unum Life Insurance Company of America, and says:

**I. JURISDICTION AND VENUE**

1.    Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

**II. PARTIES**

2.    Plaintiff, Samuel Aycoth ("Mr. Aycoth"), is a resident of Volusia County, Florida and was at all times relevant a participant of the long-term disability ("LTD") insurance policy at issue (the "LTD Policy"). Defendant, Unum Life Insurance Company of America ("Defendant"), is the insurer and claims

administrator of the LTD Policy, is a foreign corporation authorized to do business in Florida and can be found in the Middle District of Florida.

### III. FACTS

3. At all times material to this action there was in full force and effect a group LTD Policy that was underwritten and administered by Defendant.

4. At all times material, Defendant operated under an inherent structural conflict of interest because of its dual role as administrator of claims while also serving as the insurance company paying benefits out of its own assets.

5. Mr. Aycoth was employed by Blue Cross and Blue Shield, Inc. as a Senior Director of Sales and Distribution. By virtue of his employment, Mr. Aycoth was an eligible participant of the LTD Policy at all times material to this action.

6. The purpose of the LTD Policy was to provide Mr. Aycoth a monthly benefit in the event that she became disabled.

7. The LTD Policy defined "Disability" in pertinent part, as follows:

> You are disabled when Unum determines that:
>
> - you are limited from performing the **material and substantial duties** of your **regular occupation** due to **sickness** or **injury**; and
>
> - you have a 20% or more loss in your **indexed monthly earnings** due to the same sickness or injury.
>
> After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any **gainful occupation** for

which you are reasonably fitted by education, training or experience.

8. As demonstrated by the evidence in Defendant's claim file, Mr. Aycoth suffers from small fiber neuropathy, chronic inflammatory demyelinating polyneuropathy and central sensitization syndrome, pain, paresthesia, cognitive impairment, and fatigue.

9. Due to his medical conditions, Mr. Aycoth was forced to stop working on June 29, 2021.

10. Mr. Aycoth has been unable to perform the material and substantial duties of his regular or any gainful occupation since June 29, 2021.

11. In accordance with the procedures set forth by the LTD Policy, Mr. Aycoth submitted his LTD claim to Defendant.

12. By letter dated February 8, 2022, Defendant denied Mr. Aycoth's claim for LTD benefits.

13. On or around March 24, 2022, Mr. Aycoth timely appealed Defendant's decision to deny LTD benefits.

14. By letter dated June 16, 2022, Defendant denied Mr. Aycoth's appeal of the denial of his LTD benefits.

15. In terminating Mr. Aycoth's LTD benefits, Defendant deemphasized medical evidence favoring disability and instead relied solely on the views of its own clinical staff.

16. Defendant's denial of Mr. Aycoth's LTD claim was a breach of the terms of the LTD Policy, and the decision was wrong and arbitrary and capricious.

17. Defendant further failed to discharge its fiduciary duties regarding discretionary claims processing solely in the interests of Mr. Aycoth as a participant of the LTD Policy.

### IV.  COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 17 as if fully stated herein and says further that:

18. Plaintiff is entitled to certain benefits of the LTD Policy consisting of past LTD benefits including prejudgment interest, retroactive to the day benefits were terminated pursuant to 29 U.S.C. §1132(a)(1)(B).

19. Plaintiff is entitled to the LTD benefits identified herein because:

   a. the LTD benefits are permitted benefits under the LTD Policy;

   b. Plaintiff has satisfied all conditions to be eligible to receive the LTD benefits;

   c. Plaintiff has not waived or otherwise relinquished his entitlements to the LTD benefits.

20. Defendant has refused to pay the benefits sought by Mr. Aycoth, disregarding the medical records and clear opinions of the treating physicians and independent providers evidencing disability.

21. As provided by 29 C.F.R. § 2560.503-1(l)(2)(i), when a claims administrator fails to strictly adhere to required procedures, such as deadlines for issuing decisions, "the claimant is deemed to have exhausted the administrative remedies available under the plan," can seek judicial review even if the plan's internal process has not run its course, and "the claim or appeal is deemed denied on review without the exercise of discretion by an appropriate fiduciary."

## V.  RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 21 as if fully stated herein and says further that:

22. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid LTD benefits, plus interest.

23. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

24. Defendant is also liable to place Plaintiff in the position that he would have enjoyed under the LTD Policy had Defendant not wrongfully terminated his LTD benefits.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Samuel Aycoth, prays for a judgment against Defendant, Unum Life Insurance Company of America, for the relief as pleaded herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 9th day of November, 2022.*

>  */s/ Bryn Natland*
> Bryn Natland (FBN. 86604)
> bryn@longtermdisability.net
> Edward Philip Dabdoub (FBN. 45685)
> eddie@longtermdisability.net
> DABDOUB LAW FIRM, P.A.
> 1600 Ponce de Leon Blvd., Suite 1202
> Coral Gables, Florida 33134
> Tel: (305) 754-2000
> Fax: (305) 754-2007
> *Counsel for Plaintiff, Samuel Aycoth*